IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS                :
LIABILITY LITIGATION (No. VI)           :
                                        :
CERTAIN PLAINTIFFS                      :   Consolidated Under
                                        :   MDL DOCKET NO. 875
    v.                                  :
                                        :
CERTAIN DEFENDANTS                      :
                            **O R D E R**



FEB 13 2009

Eastern District of Wisconsin

97-cv-0288 Clifford J. Mancoske v. AC&S, Inc., et al.
96-cv-0999 Clifford J. Dorsey v. AC&S, Inc., et al.
92-cv-0494 Harold Rasmussen, Sr. v. Anchor Packing, et al.
00-cv-1454 Gerald A. Decker v. AC&S, Inc., et al. 09-CC497
92-cv-0493 Robert J. Powers v. Anchor Packing, et al.
92-cv-0497 Kenneth T. Shanks v. Anchor Packing, et al. 09-61142
01-cv-0698 Tureda C. Crivello v. AC&S, Inc., et al.
00-cv-0056 Boyd T. Lura v. AC&S, Inc., et al.
97-cv-0446 Harry A. Dombeck v. AC&S, Inc., et al. 09-61316
97-cv-1360 Victor E. Weise v. Armstrong, et al.
97-cv-0449 Edward J. Nordby v. AC&S, Inc., et al.
94-cv-0216 Lyle R. Hoeft v. Anchor Packing, et al.
92-cv-0494 Clyde J. Nagle v. Anchor Packing, et al.
94-cv-0165 Jerome D. Centner v. Anchor Packing, et al. 09-60395
98-cv-0320 Robert Binder v. AC&S, Inc., et al.
00-cv-1631 Harold A. Alfter v. AC&S, Inc., et al.
00-cv-1566 Ronald E. Bieganski v. AC&S, Inc., et al. 09-60498

Western District of Wisconsin

97-C-0411 Platt O. Welch v. Anchor Packing, et al.
99-C-0475 Oswald F. Suoja v. Owens-Illinois, et al. 09-60256

**AND NOW**, this **13th** day of **February 2009**, it is hereby

**ORDERED** that a hearing on Plaintiffs' motion to appoint a special

administrator in the captioned cases will be held on **Tuesday,**

**March 3, 2009** at **9:00 am** in Courtroom 11A, United States

Courthouse, 601 Market Street, Philadelphia, PA 19106.

It is further **ORDERED** that Plaintiffs' counsel should be

prepared to argue a rule to show cause why each case should not be dismissed as void ab initio. Each of the cases were originally filed in the name of a Plaintiff who was already deceased. It is a general rule of Wisconsin law that an action at law requires a person or an entity to bring suit. A "deceased [person] cannot be a party to an action." <u>Brickley v. Neuling</u>, 41 N.W.2d 284, 285 (Wis. 1950)). As a consequence, the Court has no jurisdiction and the Court may act by "dismissing the action, or otherwise noticing the defect, at any stage in the proceedings." <u>Id.</u> If Plaintiff can show that their case is not void, the Court will proceed to hear the motion to appoint a special administrator.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**